IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

**DAVID WILSON,**

  **Petitioner,**

v.                 **Civil Action No. 3:07cv164**
                    **(Judge Maxwell)**

**K. DEBOO, Warden,**

  **Respondent.**

## OPINION/REPORT AND RECOMMENDATION

### I. Procedural History

On December 13, 2007, the *pro se* petitioner filed an Application for Habeas Corpus Pursuant to 28 U.S.C. § 2241. In the petition, the petitioner asserts that he is medically disabled and should not have to participate in the Bureau of Prisons' ("BOP") Inmate Financial Responsibility Program ("IFRP"). Additionally, the petitioner asserts that he was improperly placed on IFRP refusal status in September of 2006, and that pursuant to United States v. Miller, 77 F.3d 71 (4th Cir. 1996), the BOP cannot establish a payment schedule for his Court imposed fines. The petitioner exhausted his administrative remedies prior to filing suit and paid the required filing fee on March 7, 2008. Accordingly, the undersigned conducted a preliminary review of the file, and on August 20, 2008, directed the respondent to show cause why the petition should not be granted.

On September 17, 2008, the respondent filed a response and motion to dismiss. In the motion, the respondent requests the petition be denied and dismissed from the Court's active docket. In support of that request, the respondent asserts that the sentencing court did not improperly delegate the payment of the petitioner's fine to the BOP. In addition, the respondent asserts that

despite his medical restrictions, the petitioner is able to meet his court imposed obligation and should be required to do so. Finally, the respondent contends that the petitioner was properly placed on IFRP refusal status in September 2006 because he failed to make his scheduled quarterly payment under the program.

Despite the fact that the Court sent the petitioner a Roseboro Notice advising him of his right to file a response to the respondent's motion, the petitioner has not filed a reply. Accordingly, this case is before the undersigned for a report and recommendation pursuant to LR PL P 83.09.

## II. Petitioner's Conviction and Sentence

On December 15, 2005, the petitioner was sentenced by the Superior Court of the District of Columbia to 108 months imprisonment on counts of obstructing justice, felony threats and pandering. See Resp't Ex. 1 at Att. A (Petitioner's Judgment and Commitment Order). The petitioner was also ordered to pay a $500 fine.

## III. Analysis

The IFRP was enacted to assist an inmate "to meet his or her legitimate financial obligations"[1] and applies to "all inmates in federal facilities." 28 C.F.R. § 545.10. "The IFRP program serves valid penological interests and is fully consistent with the Bureau of Prisons' authorization, under the direction of the Attorney General, to provide for rehabilitation and reformation." Johnpoll v. Thornburgh, 898 F. 2d 849, 851 (2d Cir. 1990). Further, while the petitioner's failure to comply with the IFRP can have negative consequences on the inmate, see 28 C.F.R. § 545.11(d), compelled participation in the program neither is punitive in nature nor violates due process because it is reasonably related to the legitimate government objective of rehabilitation.

---

[1] Fines are inmate financial obligations. 28 C.F.R. § 545.11(a)(3).

Johnpoll, 898 F. 3d at 851.  Therefore, the IFRP has been "uniformly upheld against constitutional attack."  McGhee v. Clark, 166 F. 3d 884, 886 (7th Cir. 1999).

The Fourth Circuit Court of Appeals has held that "a district court may not delegate its authority to set the amount and timing of fine payments to the Bureau of Prisons or the probation officer." United States v. Miller, 77 F.3d 71, 78 (4th Cir. 1996).  In Miller, the district court had ordered Miller to "make payments toward the $3,000 fine and the fifty-dollar restitution at such times and in such amounts as the Bureau of Prisons and/or the Probation Office may direct." The Fourth Circuit determined that the district court had improperly delegated its authority to the BOP and vacated the portion of Miller's sentence regarding the fine and restitution.  Moreover, where the "court does not specify the term of payment or allow payments in installments, the restitution is payable immediately."  United States v. Johnson, 48 F.3d 806, 808 (4th Cir. 1995); see also Miller 77 F.3d at 77-78 (noting that 18 U.S.C. § 3572(d) provides that a "person sentenced to pay a fine or other monetary penalty shall make such payment immediately, unless, in the interests of justice, the court provides for payment on a date certain or in installments").

In this case, the sentencing court did not specify the term of payment or allow for the fine to be paid in installments.  Consequently, the petitioner's $500 fine was due immediately.  Because the amount and timing of the petitioner's fine were set by the sentencing court, and not delegated to the BOP, Miller is inapplicable to the petitioner's situation.  See McGhee v. Clark, 166 F.3d 884 (7th Cir. 1998).

In addition, the petitioner has failed to establish that he was wrongfully asked to participate in the IFRP because he was medically disabled and unable to work.  The IFRP is not based solely on an inmate's ability to earn wages while in prison.  Instead, the BOP is required to take into

3

account all funds received by an inmate. See 28 C.F.R. § 545.11(b) ("payments may be made from institution resources or non-institution (community) resources"). Thus, while it is undisputed that the petitioner is medically unassigned, and is not required to work while in prison, it was not improper for the BOP to ask the petitioner to participate in the IFRP. In point of fact, the record shows that the petitioner has substantial financial resources and has money deposited into his inmate trust account on a regular basis. For example, according to the petitioner's trust fund printout provided by the respondent, from October 2007 through September 2008, a one-year period, the petitioner had $2240 deposited into his inmate account. See Resp't Ex. 1 at Att. H. Moreover, when the petitioner was first asked to participate in the program in September of 2006, his trust fund deposits for the previous six months had been $1468.91. See Petition at Ex. 3. Clearly, the petitioner had funds available to pay the fine despite the fact that he is unable to work.

For similar reasons, the petitioner cannot show that he was improperly placed on IFRP refusal status in September 2006. The petitioner had signed a contract and agreed to participate in the program, making quarterly payments of $25. See Resp't Ex. 1 at Att. B and C. When the time came to make his first payment, the petitioner failed to do so, despite the fact that $1398.91 was deposited into his inmate account during the six months prior. Accordingly, the petitioner was properly placed on IFRP refusal status. The fact that the petitioner made a payment directly to the sentencing court outside of his IFRP contract is irrelevant. The BOP determined that the petitioner's IFRP payment should be $25 quarterly. The petitioner failed to make that payment through the IFRP. The petitioner chose not to utilize the IFRP and therefore voluntarily lost any advantage he may have had through participation in the program. To the extent that he challenges those sanctions, as previously noted, compelled participation in the IFRP neither is punitive in nature nor does it violate the due

process clause because it is reasonably related to the legitimate government objective of rehabilitation. Johnpoll, 898 F. 3d at 851; see also Weinberger v. United States, 268 F.3d 346, 360 (6th Cir. 2001); McGhee v. Clark, supra; James v. Quinlan, 866 F.2d 627, 629 (3rd Cir. 1989); Dorman v. Thornburgh, 955 F.2d 57, 58-59 (D.C. Cir. 1992).

### IV. Recommendation

For the foregoing reasons, the undersigned recommends the respondent's Response and Motion to Dismiss (dckt. 13) be **GRANTED** and the petitioner's § 2241 petition (dckt. 1) be **DENIED** and **DISMISSED with prejudice**.

Within ten (10) days after being served with a copy of this Opinion/Report and Recommendation, any party may file with the Clerk of the Court, written objections identifying the portions of the recommendation to which objections are made, and the basis for such objections. A copy of such objections shall also be submitted to the Honorable Robert E. Maxwell, United States District Judge. Failure to timely file objections to the recommendation set forth above will result in waiver of the right to appeal from a judgment of this Court based upon such Recommendation. 28 U.S.C. § 636(b)(1); Thomas v. Arn, 474 U.S. 140 (1985); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984), cert. denied, 467 U.S. 1208 (1984).

The Clerk is directed to send a copy of this Opinion/Report and Recommendation to the *pro se* petitioner by certified mail, return receipt requested, to his last known address as shown on the docket, and to counsel of record via electronic means.

DATED: January 12, 2009.

*John S. Kaull*
JOHN S. KAULL
UNITED STATES MAGISTRATE JUDGE